[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11993
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00012-SPM-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT STANLEY ZIOLKOWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 22, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Robert Stanley Ziolkowski appeals his 360-month sentence, imposed after a jury found him guilty of traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).  On appeal, Ziolkowski argues his sentence is procedurally and substantively unreasonable because the district court failed to adequately address all of the 18 U.S.C. § 3553(a) sentencing factors and failed to give sufficient weight to various mitigating factors.  He also contends his sentence is greater than necessary to accomplish the goals of sentencing.  After review of the record and consideration of the parties' briefs, we affirm.

Ziolkowski's sentence is procedurally reasonable.  The district court did not procedurally err in imposing Ziolkowski's sentence by failing to consider the § 3553(a) factors or by failing to adequately explain the chosen sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  As we have consistently held, "the district court is not required to state it has considered each of the § 3553(a) factors or to discuss each of the factors on the record."  *United States v. King*, 751 F.3d 1268, 1281 (11th Cir. 2014).  At sentencing, the district court stated that a 360-month sentence—which was the statutory maximum and top of the advisory guidelines range—was appropriate given Ziolkowski's prior offenses, which included convictions for sexual abuse and rape; the danger Ziolkowski presented to the community; his lack of rehabilitation; and his lack of remorse.  The district court also explicitly stated that it had considered all of the § 3553(a) factors in

2

calculating Ziolkowski's sentence, incorporated the presentence investigation report's findings into its sentence, and explained that the sentence was appropriate to promote specific and general deterrence.  Accordingly, the district court set forth enough information to satisfy us that it considered the parties' arguments and had a reasoned basis for making its decision.  *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) ("In explaining the sentence, the district court should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision, but nothing requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." (quotations, citation, and alteration omitted)).

Ziolkowski's sentence is also substantively reasonable.  Although Ziolkowski argues the district court failed to afford adequate weight to his mitigating circumstances, including his age, health problems, and physical condition, we will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).  The district court did not commit a clear error of judgment in weighing the § 3553(a) factors.  As the

district court noted, Ziolkowski's sentence was appropriate given the nature and circumstances of the offense, Ziolkowski's prior history, the need to deter criminal conduct, and the need to protect the public.  Ziolkowski's 360-month sentence is not "outside the range of reasonable sentences dictated by the facts of the case," *id.*, and is not greater than necessary to accomplish the purposes of sentencing, *see* 18 U.S.C. § 3553(a).

**AFFIRMED.**